NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3302
_____

THOMAS LAMONT DYNO;
JULIA DYNO,
Appellants

v.

ALBERT DYNO, JR., in his official and personal capacity
as Executor of the Estate of Rosemarie Sterchak, deceased

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-01966)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 5, 2021

Before:  AMBRO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: August 10, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellants Thomas Dyno and Julia Dyno appeal from the District Court's orders granting the defendant's motion to dismiss and denying their motion for reconsideration. For the following reasons, we will affirm the District Court's judgment with a modification.

I.

As we write primarily for the parties, who are familiar with the facts, we will discuss the details only as they are relevant to our analysis. This case derives from a dispute over the estate of Rosemarie Sterchak. Sterchak died in October 2015, leaving a will that named the defendant, Albert Dyno, Jr., as her executor. In the will, Sterchak left bequests of specific corporate stocks and cash to several individuals, including both plaintiffs. The executor, through counsel, represented to the beneficiaries of these bequests that the residual estate lacked sufficient liquid assets to pay the inheritance taxes and administrative expenses of the estate. He assigned each beneficiary a share of the estimated deficit and sought agreement from each beneficiary to either pay this share to the estate in cash or permit the executor to liquidate sufficient stocks from the beneficiary's bequest to cover the share.

The plaintiffs refused the executor's proposed agreement and filed a petition for inventory and accounting with the county Orphans' Court. The plaintiffs allege that the executor's proposals did not follow applicable Pennsylvania law regarding inheritance

taxes and estate expenses. They also allege that the executor and his counsel improperly sought payments and fees for their own benefit. The executor filed a first inventory and accounting in late 2016, and the plaintiffs objected. Litigation before the Orphans' Court and the Pennsylvania appellate courts continued through the filing of this action in November 2019. At that time, the administration of the estate remained pending before the Orphans' Court and the plaintiffs had filed a petition to the Pennsylvania Supreme Court concerning certain motions, which was later denied.[1]

The plaintiffs filed a complaint against the executor in the District Court.[2] Invoking 42 U.S.C. § 1983, they claimed that the executor was violating their rights under the Due Process Clause of the Fourteenth Amendment by depriving them of their specific legacies. They also asserted state-law claims for fraud and breach of fiduciary duty. For relief, the plaintiffs essentially requested a declaration that they were entitled to immediate possession of the stocks in their bequests and an order requiring the executor to turn over the stocks, along with associated dividends, interests, and costs. Adopting a

---

[1] The administration of the estate still remains pending before the Orphans' Court. The executor represents that this is because of the plaintiffs' continued litigation. Appellee's Br. 4, 3d Cir. ECF No. 26. The other beneficiaries appear to have accepted the executor's proposal or otherwise reached agreement and received the remainder of their bequests.

[2] The plaintiffs relied primarily on federal question jurisdiction and supplemental jurisdiction, but argued that diversity jurisdiction applied "if necessary." Compl. ¶ 5, ECF No. 1.

Magistrate Judge's Report and Recommendation over the plaintiffs' objections, the District Court granted the defendant's motion to dismiss for lack of subject matter jurisdiction and later denied the plaintiffs' motion for reconsideration. The plaintiffs appealed both rulings.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) is de novo. In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625, 632 (3d Cir. 2017). Since the defendant's motion is a facial, rather than factual, attack on jurisdiction, we consider the allegations of the complaint as true. Id. We review "a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error." U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting Howard Hess Dental Labs. Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 246 (3d Cir. 2010)).

## III.

The District Court determined that it lacked jurisdiction under the Princess Lida doctrine. Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939). We agree. The Princess Lida doctrine "prevents a court in which an action is filed from exercising jurisdiction when a court in a previously filed action is exercising control over the property at issue and the second court must exercise control over the same property in

4

order to grant the relief sought," even where the property has not actually been seized. Dailey v. Nat'l Hockey League, 987 F.2d 172, 175 (3d Cir. 1993). It is a "mechanical rule" that "applies when: (1) the litigation in both the first and second fora are in rem or quasi in rem in nature, and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already under the control of the first court." Id. at 176. We apply the rule based on the circumstances at the time the action was filed. Id. at 177; Chevalier v. Estate of Barnhart, 803 F.3d 789, 803 (6th Cir. 2015).

Here, the Orphans' Court exercised control over the estate property, including the bequests at issue. See In re Estate of Craig, 109 A.2d 190, 198 (Pa. 1954) (per curiam) ("[T]he accounting and distribution of a decedent's estate" is "a proceeding in rem."); Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 227-229 (3d Cir. 2008) (concluding that a decedent's stock shares remained within the jurisdiction of the orphans' court until approval of any transfer).[3] The plaintiffs argue that they were

---

[3] Three Keys applies the "probate exception to federal courts' diversity jurisdiction." 540 F.3d at 222. But the third prong of that exception, applied in Three Keys, is a restatement of the Princess Lida doctrine. See id. at 227 (applying the principle that a federal court may not "assume in rem jurisdiction over property that is in the custody of the probate court"); see Goncalves ex rel. Goncalves v. Rady Child.'s Hosp. San Diego, 865 F.3d 1237, 1253 (9th Cir. 2017) (noting that this aspect of the probate exception is "an application of the prior exclusive jurisdiction [or Princess Lida] doctrine"); Chevalier, 803 F.3d at 803 ("The prior-exclusive-jurisdiction doctrine is similar—if not identical to—the probate exception.").

5

entitled to their specific legacies immediately upon Sterchak's death and that, absent proof of a deficiency in the residual estate, their legacies are not properly part of the estate or subject to the jurisdiction of the Orphans' Court, relying on Beatty v. Hottenstein, 112 A.2d 397, 399-400 (Pa. 1955) (ultimately quoting In re Robinson's Estate, 24 Pa. C. 588, 589, 591 (Huntingdon Cnty. Orphans' Ct. 1901)). But neither Beatty nor Robinson's Estate addresses the jurisdiction of the Orphans' Court and here, unlike in those cases, the executor represents that the residual estate is insufficient to pay debts and expenses. See Beatty, 112 A.2d at 400; Robinson's Estate, 24 Pa. C. at 589.[4]

To grant the relief sought by the plaintiffs, the District Court would have had to exercise control over the shares of stock at issue. See Three Keys, 540 F.3d at 229 (determining that a request for declaratory judgment sought "a federal court determination of [the plaintiff's] ownership interest in" stock and "would dispose of Estate property under the jurisdiction of the Orphans' Court"); Lefkowitz v. Bank of New York, 528 F.3d 102, 107 (2d Cir. 2007) (concluding that providing requested specific performance and declaratory relief would require the federal court "to assert control over property that remains under the control of the state courts"). The practical effect of the relief, rather than the precise labelling of in rem or quasi in rem, is dispositive. See

---

[4] Furthermore, both cases predate significant statutory revisions, and Beatty, to the extent that it relies on the broad language of Robinson's Estate, does so only within in the context of entitlement to interest and proceeds. Beatty, 112 A.2d at 399.

Dailey, 987 F.2d at 177. The plaintiffs asked the District Court to order the distribution of specific property subject to the jurisdiction of the Orphans' Court. The District Court thus lacked subject matter jurisdiction under the Princess Lida doctrine.

The District Court, adopting the Recommendation and Report of the Magistrate Judge, further considered whether the plaintiffs should be given leave to amend their complaint in order to seek money damages under § 1983.[5] It determined that any such amendment would be futile.

While we agree with the District Court's decision to dismiss this case for lack of jurisdiction, and to deny reconsideration of that decision when the plaintiff's motion merely stated their disagreement with the District Court's analysis, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), the dismissal should have been without prejudice. See N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"); cf. Thorne v. Pep Boys Manny Moe & Jack Inc., 980 F.3d 879, 896 (3d Cir. 2020) ("The specter of serial litigation cannot imbue the District Court with jurisdiction it otherwise lacks.").

---

[5] The District Court did not consider any other potential amendments.

IV.

Accordingly, we will affirm except that we will modify the judgment to reflect

that the dismissal of the plaintiffs' complaint was without prejudice.[6] [7]

---

[6] As modified, the judgment no longer adopts the portions of the Magistrate Judge's report and recommendation concerning futility. Under the circumstances of this case, it was unnecessary to consider whether amendment was futile. See Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 182 (3d Cir. 1999) (explaining that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits).

[7] The plaintiffs move for permission to file additional copies of their brief on DVDs, in order to include hyperlinks. Mot., 3d Cir. ECF No. 22. We grant this motion.

8